IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs September 27, 2000

## STATE OF TENNESSEE v. JOSHUA L. WEBSTER

**Appeal from the Circuit Court for Blount County**
**No. C-11836     D. Kelly Thomas, Judge**

---

**No. E1999-02203-CCA-R3-CD**
**December 4, 2000**

---

The defendant appeals the trial court's denial of probation or split confinement as the manner of serving his eight-year rape sentence. Because the record supports the trial court's imposition of an incarcerative sentence, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Shawn G. Graham, Assistant District Public Defender, Maryville, Tennessee, for the Appellant, Joshua L. Webster.

Paul G. Summers, Attorney General & Reporter, R. Stephen Jobe, Assistant Attorney General, Michael L. Flynn, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The defendant, Joshua Webster, appeals the incarcerative sentence imposed by the Blount County Circuit Court. After pleading guilty to rape and agreeing to an eight-year sentence, the defendant submitted the question of the manner of service of the sentence to the trial court. See Tenn. Code Ann. § 39-13-503(a)(1), (b) (1997) (proscribing rape through force or coercion as a Class B felony). The trial court ordered that the sentence be served by confinement in the Department of Correction. On appeal, the defendant claims that he should have received probation or split confinement. After reviewing the record, the parties' briefs, and the applicable law, we affirm the trial court's judgment.

The record includes the transcript of the sentencing hearing, to which is exhibited the presentence report. At the hearing, the defendant, the defendant's father, and the victim's father

testified. From these sources we glean the following information about the offense of rape to which the defendant pleaded guilty.

The female victim, who was twelve years of age on December 14 and 15, 1998, complained that the defendant, who was seventeen years of age, came to her home on both days and raped her. She stayed home from school, alone, on both days. She acknowledged that she voluntarily admitted the defendant into her home on December 14 and that she did not physically resist or fend off the defendant's forced sexual advances. She did, however, object verbally to his advances and did not consent to being penetrated by the defendant. She admitted the defendant to her home again on December 15, when the defendant engaged in sexual intercourse with her on two occasions against her will and despite her protests.

The defendant maintained that the victim called him, told him she was fifteen years of age, and offered him $35 to come to her house. When he arrived, the victim was attired in only her underwear and "one thing led to another." He admitted to sexually penetrating the victim but claimed it was consensual.

After a juvenile court petition was taken against the defendant, he agreed to a transfer of the proceedings to circuit court and waived a grand jury indictment. After an information charging him with rape was filed, he pleaded guilty to rape, a Class B felony, and agreed to accept an eight-year sentence, with the manner of service to be determined by the trial court.

The defendant was eighteen years old at the time of sentencing. He quit school during the twelfth grade in lieu of being expelled after he engaged in a fight with another student and was found carrying a knife in his boot. He regularly used marijuana, at least from the time he was fourteen until a few weeks before the sentencing hearing. During the presentence investigation, he tested "positive" for the use of marijuana. At the time of sentencing, he had been diagnosed as suffering from bipolar disorder, a condition for which he was being medicated. He resided with his father in Loudon County. He had been adjudicated delinquent for shoplifting in juvenile court in June 1998 and for unlawful consumption of alcohol and driving under the influence in April 1998. He was placed on probation in these cases. While the present rape charges were pending, the defendant committed other offenses. In addition to the admitted use of marijuana, he was convicted as an adult on July 29, 1999 of possessing drug paraphernalia, and he received a sentence of eleven months and 29 days, suspended upon payment of a fine and costs. Additionally, the defendant admitted to being arrested for shoplifting that occurred after the rape charges were filed, although this charge did not appear in the presentence report. After the present rape charge was filed, the defendant dated a thirteen-year-old girl, but no charges were filed as a result of his contact with her.

In denying any form of alternative sentencing, the trial court relied primarily upon the defendant's poor prospects for rehabilitation, based upon the defendant's actions after the current rape charges were filed, including his pursuit of a thirteen-year-old girl, shoplifting, possession of drug paraphernalia, and the use of marijuana. On appeal, the defendant claims that the trial court should have probated all or part of his sentence.

In this case, we review the trial court's sentencing determination *de novo* with a presumption that those determinations are correct. See Tenn. Code Ann. § 40-35-401(d) (1997); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the [defendant]." Ashby, 823 S.W.2d at 169.

As a recipient of a Class B felony sentence, the defendant was not presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6) (1997). As such, the state had no burden of justifying confinement through demonstrating the presence of any of the considerations upon which confinement may be based. See Tenn. Code Ann. § 40-35-103(1) (1997); State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996) (when presumption of favorable candidacy for alternative sentencing options applies, state must justify confinement by showing "evidence to the contrary" of the presumption).

Apart from sentences which utilize fines or restitution as alternatives to confinement, the only sentencing options which serve as alternatives to confinement in some form are community corrections placement and probation. See Tenn. Code Ann. § 40-35-104(c) (1997). Because he committed a violent offense, the defendant is ineligible for community corrections placement. See Tenn. Code Ann. § 40-36-106(a)(2), (3) (1997) (persons convicted of crimes against the person or violent felony offenses ineligible for community corrections consideration); State v. Jesse James Gilbert, Jr., No. 03C01-9707-CC-00269, slip op. at 3 (Tenn. Crim. App., Knoxville, Apr. 30, 1998) (person convicted of rape ineligible for community corrections pursuant to Code section 40-36-106(a)(2), (3)). Although the defendant regularly used marijuana and was being medicated for bipolar disorder, we find no clear basis in the record for concluding that the defendant should be considered for community corrections placement based upon the "special needs" exception to eligibility that is set forth in Code section 40-36-106(c), and in his appellate brief, the defendant makes no claim for community corrections placement via the "special needs" provision. Accordingly, the defendant is relegated to arguing on appeal that the trial court erred in not awarding a sentence that involved some measure of probation.

The defendant is eligible for probation. See Tenn. Code Ann. § 40-35-303(a) (1997). Although the court must automatically consider probation as a sentencing option for eligible defendants, the burden rests with the defendant to establish suitability for probation as a part of the trial court's sentencing determination. See Tenn. Code Ann. § 40-35-303(b) (1997). When considering probation, the trial court should evaluate the nature and circumstances of the offense, whether a sentence of probation would depreciate the seriousness of the offense, whether the need for deterrence militates against an award of probation, and the "defendant's potential or lack of potential for rehabilitation, including the risk that during the period of probation the defendant will commit another crime." State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995), overruled on other grounds, State v. Hooper, — S.W.3d — (Tenn. 2000).[1]

_____

[1] We realize that in Bingham this court said that the defendant "has the burden of establishing suitability for *full* probation." Bingham, 910 S.W.2d at 455 (emphasis added). However, the Bingham court referred to full
(continued...)

The trial court primarily premised its denial of any probation upon this last factor, the lack of the defendant's potential for rehabilitation, based upon the defendant's re-offending behavior and upon his relationship with a thirteen-year-old female, all of which occurred during the pendency of the present case. The defendant has failed on appeal to show that the trial court erred. The record supports its findings, and we are not free to disturb the trial court's imposition of an incarcerative sentence. In fact, we are inclined to agree that the record demonstrates that the defendant has little potential for rehabilitation. Not only did he commit offenses and indiscretions during the pendency of the present case, but previously courts had probated the defendant's sentences for offenses including shoplifting, DUI and possession of drug paraphernalia. Yet, the defendant frowardly wasted these earlier opportunities to rectify his errant ways without suffering the rigors of confinement. A sentence of confinement is now warranted by the record before us.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1](...continued)
probation in contrast with a defendant who "is entitled to the statutory presumption of alternative sentencing, [a circumstance in which] the State has the burden of overcoming the presumption with evidence to the contrary." Id. In Bingham, the court held that the state presented "insufficient evidence to overcome the statutory presumption that the appellant is a favorable candidate for alternative sentencing." Id. The result was that an alternative sentence of some type "must be imposed." Id. On the other hand, when the presumption of favorable candidacy for alternative sentencing is not applicable, either because the defendant is not eligible because he has been convicted of a Class A or B felony or the state has successfully overcome the presumption by "evidence to the contrary," the logical conclusion is that the defendant bears the burden of showing that he is entitled to *any* probation. To hold otherwise would be to afford the defendant the benefit of the presumption, which is contrary to Code section 40-35-102(6). Unless the burden of justifying *any* probation is placed upon a defendant who is not a favorable candidate for alternative sentencing, the state would have the consequent burden of justifying *any confinement*, which is exactly the burden put upon the state when the presumption applies.